UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL VALDEZ VELA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUDGE JULET BOCCANE,<br><br>　　　　　Defendant. | Case No. 1:20-cv-01150-NONE-BAM<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 3)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Isabel Valdez Vela ("Plaintiff"), proceeding pro se, initiated this civil action against Judge Julet Boccane on August 17, 2020. (Doc. 1.) Concurrent with her complaint, Plaintiff filed an application to proceed in forma pauperis without prepaying fees or costs (Long Form). (Doc. 3.)

**I.　Application to Proceed in Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915(a). According to her application, Plaintiff is self-employed, and her average monthly income is $1,800.00. (Doc. 3 at 1.) This results in an average annual income of $21,600.00. She has $1.63 in her savings account and no other bank accounts. (*Id.* at 2.) She has a motor vehicle valued at $1,000.00 and no other assets. (*Id.* at 3.)

///

1

"To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life." *Soldani v. Comm'r of Soc. Sec.*, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019). Many courts look to the federal poverty guidelines set by the United States Department of Health and Human Services ("HHS") as a guidepost in evaluating in forma pauperis applications. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.5 (11th Cir. 2004); *Boulas v. United States Postal Serv.*, No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to in forma pauperis application). For an individual, the present poverty guideline is $12,880.00. *See U.S. Federal Poverty Guidelines Used to Determine Financial Eligibility for Certain Federal Programs*, available at https://aspe.hhs.gov/poverty-guidelines (last visited May 13, 2021). Plaintiff's estimated annual income is above this amount. However, Plaintiff estimates her average monthly expenses as $1,833.00 per month, which is above her earned income. Plaintiff avers that she cannot pay the costs of these proceedings because her "income covers for [her] basic needs. Home, Food, Vehicle Health." (Doc. 3 at 5.)

Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

**II.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as

true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff brings this action against Judge Julet Boccane, in her official capacity, at the County of Tulare, Juvenile Justice Center. Plaintiff claims a violation of the Fourth Amendment and alleges as follows:

> She did not do her due diligence to secure my constitutional Rights & those of my children. She ignored witness statements to support the Allegations of Perjury against Social Workers. Never confirmed there was a warrant.

(Doc. 1 at 4.)

### IV. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of her claims. As a basic matter, the complaint does not clearly state what happened. If Plaintiff files an amended complaint, it should be a short and plain statement of her claims and must include factual

allegations identifying what happened.  Fed. R. Civ. P. 8.

**B.     Judicial Immunity**

To the extent Plaintiff is attempting to bring suit against a judge based on judicial rulings, she may not do so. Absolute immunity is generally accorded to judges functioning in their official capacities. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). Accordingly, Plaintiff's claims against the juvenile justice center judge arising from judicial conduct are not cognizable.

**V.     Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend her complaint to cure these deficiencies to the extent she is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 14, 2021**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE